[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15737
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cr-60163-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW HYLTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 17, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Matthew Hylton appeals his conviction on one count of obtaining

citizenship by fraud, in violation of 18 U.S.C. § 1425(a).  On appeal, Hylton argues that the government's theory at trial and the district court's jury instructions constructively amended his indictment.  Specifically, he argues that the government attempted to broaden the basis of conviction by indicating that his fraud conviction could be based upon a crime other than the specific prior offense cited in his indictment (armed bank robbery) and that the court's jury instructions bolstered the government's actions.

When raised for the first time on appeal, we review a claim of constructive amendment under plain error.  United States v. Rutherford, 175 F.3d 899, 906 (11th Cir. 1999).

A "fundamental principle" derived from the Fifth Amendment is that "a defendant can only be convicted for a crime charged in the indictment" because "[i]t would be fundamentally unfair to convict a defendant on charges of which he had no notice."  United States v. Keller, 916 F.2d 628, 633 (11th Cir. 1990).  Hylton contends that his indictment was "constructively amended" by the prosecutor's actions and the jury instructions.  See id.

A constructive amendment occurs "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment."  Id. at 634.

2

In determining whether an indictment was constructively amended, we look at whether the prosecutor's actions or the court's instructions, "viewed in context," literally or effectively expanded the indictment.  United States v. Behety, 32 F.3d 503, 508-09 (11th Cir. 1994).  Similarly, we "must analyze jury instructions in the context of the evidence presented and the government's theory at trial" in determining whether a constructive amendment occurred.  United States v. Williams, 527 F.3d 1235, 1247 (11th Cir. 2008).

Hylton has not shown that either the government's theory at trial or the court's jury instructions constituted a constructive amendment of his indictment. In context, neither of them indicated that Hylton's fraud charge could be based upon any prior crime other than the armed bank robbery that was referenced in the indictment.

During the trial, there were passing references to Hylton's unlawful transfer of a firearm, but these were made merely in the context of showing Hylton's involvement in the armed robbery.  By contrast, the government referred to the armed bank robbery dozens of times during the trial, including in opening statements, in the questioning of several witnesses (including Hylton himself, who admitted to the robbery), and in closing statements.

The references to Hylton knowingly committing "a crime" were made in the

3

context of referring to the question that Hylton had fraudulently answered: whether he had "knowingly committed any crime or offense" for which he had not been arrested. The references to "a crime" were also relevant to rebut Hylton's defense theory, which was that he could not be convicted because he did not know that aiding an armed robbery was actually a criminal offense.

The jury instructions similarly provide no support for Hylton's argument. The district court read the indictment to the jury and specifically cautioned that Hylton was on trial "only for the specific offense alleged in the indictment."

The indictment was not amended by the actions of the government or the district court. Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**[1]

---

[1]    Hylton's request for oral argument is DENIED.